IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GILLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-5844 |
| | ) | |
| DREAM CENTER EDUCATION | ) | |
| HOLDINGS, LLC, d/b/a THE ART | ) | |
| INSTITUTES, d/b/a THE ART INSTITUTE | ) | |
| OF PITTSBURGH, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ROBERT GILLMAN ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, DREAM CENTER EDUCATION HOLDINGS, LLC, d/b/a THE ART INSTITUTES, d/b/a THE ART INSTITUTE OF PITTSBURGH ("Defendant"):

### JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

2. This court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

### PARTIES

4. Plaintiff is a natural person residing in the City of Antioch, Lake County, State of Illinois.

5. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is an Arizona-organized limited liability company based in the City of Pittsburgh, Allegheny County, Commonwealth of Pennsylvania.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Within four (4) years of Plaintiff filing this Complaint, in or around May 2017, Defendant began calling Plaintiff's cellular telephone at 847-909-8459, in an attempt to collect a debt allegedly owed by Plaintiff.

10. Defendant calls Plaintiff's cellular telephone from several telephone numbers, including 480-327-1214.

11. 480-327-1214 is one of Defendant's telephone numbers.

12. In or around June 2017, Plaintiff first told Defendant to stop calling him on his cellular telephone at 847-909-8459.

13. Despite Plaintiff's request that Defendant stop calling him on his cellular telephone, Defendant continued to call Plaintiff unabated in an attempt to collect the alleged debt.

14. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

15. None of the calls Defendant made to Plaintiff were for an emergency purpose.

16. Plaintiff has never given to Defendant prior express consent to contact Plaintiff as

2

described herein.

17. Even if at one point Defendant had prior express consent to call Plaintiff's cellular telephone, Plaintiff revoked such consent as described above.

18. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

19. Within four (4) years of Plaintiff filing this Complaint, Defendant used an ATDS to call Plaintiff's cellular telephone.

20. When Plaintiff answered Defendant's calls, he was sometimes greeted with "dead air" whereby no person was on the other end of the line. After several seconds, an agent was connected to the automated call then greeted Plaintiff and sought to speak with Plaintiff in an attempt to collect an alleged debt.

21. Within four (4) years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

22. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

23. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

24. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

25. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple recipients.

29. The dead air that the Plaintiff may have experienced on the calls that he received is indicative of the use of an ATDS. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus, resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff. The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them. Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

30. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

31. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express written consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

4

a. Invading Plaintiff's privacy;
b. Electronically intruding upon Plaintiff's seclusion;
c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;
d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of his cellular telephone; and
e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

32. Defendant's conduct violated the TCPA by:

 a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, ROBERT GILLMAN, respectfully requests judgment be entered against Defendant, DREAM CENTER EDUCATION HOLDINGS, LLC, d/b/a THE ART INSTITUTES, d/b/a THE ART INSTITUTE OF PITTSBURGH for the following:

33. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

34. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

35. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

36. Any other relief that this Honorable Court deems appropriate.

                                                RESPECTFULLY SUBMITTED,

August 27, 2018                By:  /s/ James J. Parr
                                         James J. Parr
                                         IL ARDC No.: 6317921
                                         Agruss Law Firm, LLC
                                         4809 N. Ravenswood Ave.
                                         Suite 419
                                         Chicago, IL 60640
                                         Tel: 312-224-4695
                                         Fax: 312-253-4451
                                         james@agrusslawfirm.com
                                         Attorney for Plaintiff